**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

MARK WILLIAMS, ADC #141529                                                              PLAINTIFF

v.                                        No. 5:15CV00340-JLH

DOE, et al.                                                                                    DEFENDANTS

**MEMORANDUM AND ORDER**

Mark Williams is a state inmate incarcerated at the Cummins Unit of the Arkansas Department of Correction (ADC). He filed this *pro se* action pursuant to 42 U.S.C. § 1983, seeking monetary and injunctive relief from defendants, based on a 2007 mental health diagnosis.

The Court finds Williams's section 1983 claims should be dismissed as barred by the statute of limitations, and for failure to state a claim upon which relief may be granted.

**I.      Screening**

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are legally frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989). Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). In reviewing a *pro se* complaint under section 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081

(2007).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  *Neitzke*, 490 U.S. at 327, 109 S. Ct. at 1833.

To survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Twombly,* 550 U.S. at 556-57, 127 S. Ct. at 1965-66.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  *Id*. at 556, 127 S. Ct. at 1965.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."  *Id*. at 557, 127 S. Ct. at 1966.

**II.    ANALYSIS**

The appropriate statute of limitations for all actions filed pursuant to 42 U.S.C. § 1983 is the personal injury statute of limitations of the state whose law is to be applied.  *Wilson v. Garcia*, 471 U.S. 261, 276, 105 S. Ct. 1938, 1947, 85 L. Ed. 2d 254 (1985), *superseded by statute on other grounds by* 28 U.S.C. § 1658(a), *as stated in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 377-81, 124 S. Ct. 1836, 1842-45 (2004).  In Arkansas, that statute is the three-year statute of limitations set forth in Ark. Code Ann. § 16-56-105 (West 2015).  The Eighth Circuit applied Arkansas's three-year statute of limitations to an action filed pursuant to 42 U.S.C. § 1983 in *Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001).  Williams alleges that he was evaluated by Delta

Counseling Associates and Dr. Spellman in August and September of 2007 and diagnosed with "polysubstance and deferred." Document #2 at 4. Williams claims Dr. Spellman lied by stating that he was malingering and, therefore, competent to stand trial. *Id*. at 5. He asks for a hearing and damages to compensate him for eight years of incarceration. *Id*.

According to the law cited above, it is clear that Williams's claims against the defendants are barred by the three-year statute of limitations applied to personal injury actions. In addition, the Court finds this claim to be barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994). In *Heck*, the United States Supreme Court held that if a judgment in favor of a prisoner in a section 1983 action would imply the invalidity of the conviction, continued imprisonment, or sentence, there is no claim for damages unless the conviction or sentence is reversed, expunged, or called into question by issuance of a federal writ of habeas corpus. *Id*. Williams does not allege in his complaint that he sought habeas corpus relief.

Finally, the Court finds that Williams's request for a hearing to show that Dr. Spellman lied by finding that he was competent to stand trial appears to be a challenge to his conviction and sentence. Such relief is available only by filing a petition for writ of habeas corpus after first exhausting state remedies as required under 28 U.S.C. § 2254. *See Wilson v. Lockhart*, 949 F.2d 1051 (8th Cir. 1991). Again, however, Williams does not allege in his complaint that such state remedies have been pursued.

### III.   CONCLUSION

IT IS THEREFORE ORDERED that:

1.   Williams's complaint against defendants is DISMISSED without prejudice as barred by the statute of limitations and for failure to state a claim upon which relief may be granted.

2. Dismissal of this action constitutes a "strike" within the meaning of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).[1]

3. The Court certifies that an *in forma pauperis* appeal from this Order and accompanying Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

An appropriate Judgment shall accompany this Memorandum and Order.

IT IS SO ORDERED this 3rd day of November, 2015.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

---

[1] The statute provides that a prisoner may not file an *in forma pauperis* civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.